UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Veronica Sandoval, | ) | Case No. 12-25959 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |
| | ) | Hearing Date: April 2, 2013 |
| | ) | Hearing Time: 10:00 A.M. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:   Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:   Estate

Date of Order Authorizing
Employment:   June 28, 2012

Period for Which
Compensation is sought:   June 28, 2012 to Close of Case

Amount of Fees sought:   $1,520.00

Amount of Expense
Reimbursement sought:   $0.00

This is an:   Interim Application __   Final Application __X__

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: N/A .

Dated: March 5, 2013                    Joseph A. Baldi, Trustee of the Estate of
                                                         Veronica Sandoval, Debtor

                                                         By: ___/s/Joseph A. Baldi, Trustee___
                                                                  Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | |
| Veronica Sandoval, ) | Case No. 12-25959 |
| ) | |
| Debtor. ) | Hon. Janet S. Baer |
| ) | Hearing Date: April 2, 2013 |
| ) | Hearing Time: 10:00 A.M. |

**First and Final Application for Allowance and Payment of
Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Veronica Sandoval ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,520.00 as final compensation for services rendered as trustee in this case from June 28, 2012 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1.      Debtor commenced this case on June 28, 2012 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2.      Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.      The Estate's sole asset consisted of the non-exempt insurance proceeds paid out by Debtor's automobile insurance carrier as a result of the complete loss of the Debtor's automobile ("Property").

4.      The bar date for filing claims in this case was November 27, 2012.

**Prior Compensation**

5.      This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.      Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

### Services Rendered by Trustee

7.   Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.   Trustee reviewed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs. Trustee conducted an examination of the Debtor pursuant Section 341 of the Code.

B.   Trustee investigated the Estate's interest in the Property; Trustee evaluated and verified the Debtor's claims of exemption in the Property and other miscellaneous personal property; Trustee recovered the non-exempt portion of the Property;

C.   Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D.   Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E.   Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

F.   Trustee examined, analyzed and verified proofs of claim filed against the Estate; and

G.   Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $7,700.00 on behalf of the Estate. Trustee has made $0.00 in disbursements in this case as of the date hereof.

9. Copies of the *Form I Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10. During the period covered by this Application, Trustee has spent 7.50 hours rendering services on behalf of this Estate with a value of $1,786.50. Trustee estimates that he will spend an additional four hours rendering services with a value of $1,035.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above is $1,520.00 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $2,700.00 | $270.00 |
| Total allowable compensation | $1,520.00 |

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a distribution to timely filed general unsecured claims equal to approximately 56% of allowed claims. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12. Based upon the caliber of the services rendered by Trustee, the speed at which this case was administered and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $1,520.00. This amount

4

represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

15. The Trustee has liquidated or sought to abandon at closing all of the assets of the Estate and has completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Veronica Sandoval requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $1,520.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from June 28, 2012 through the closing of this case;

B. Authorizing Trustee to make a distribution of the monies awarded above as part of his final distribution in this case, and

C. For such other and further relief as this Court deems appropriate.

Dated: February 7, 2013                     Joseph A. Baldi, as trustee of the estate of
                                            Veronica Sandoval, debtor


                                            By:_____/s/_____
                                                    Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
19 S. LaSalle St.   Suite 1500
Chicago, IL 60603
(312) 726-8150

**Trustee's Final Fee Application**                    **Veronica Sandoval, Debtor**
                                                       **Case No. 12-25959**

# Trustee's Itemized Billing Statements

**Exhibit A**

**Baldi Berg & Wallace, Ltd.**
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

Phone: (312) 726-8150
Fax:    (312) 726-5067

FEIN: 36-4352753

**Invoice submitted to:**

February 4, 2013
Invoice No:  02161

Joseph A. Baldi, Trustee
Baldi Berg & Wallace, Ltd.
19 S. LaSalle St., Suite 1500
Chicago, IL 60603

**In Reference to:**  *Sandoval, Veronica - Trustee Matters*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 9/25/2012 | JMM | Request EIN from IRS (.2), Send Checking Account Request to Congressional (.1), Open new bank account in TCMS (.1), Deposit Check in TCMS (.1), Send Check to Congressional via FedEx (.1) | 0.60 $125.00/hr | $75.00 |
| 10/05/2012 | JMM | Process September 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $125.00/hr | $25.00 |
| 11/16/2012 | JMM | Process October 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $125.00/hr | $25.00 |
| 11/28/2012 | JAB | Teleconference with RKP re follow up on claims, preparation of final report. | 0.30 $450.00/hr | $135.00 |
| 12/26/2012 | JAB | Review case status and tasks to close, note follow up needed. | 0.20 $450.00/hr | $90.00 |
| 1/14/2013 | JMM | Process December 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20 $125.00/hr | $25.00 |

Case 12-25959    Doc 21    Filed 03/05/13    Entered 03/05/13 15:59:40    Desc Main
          Document      Page 8 of 10

**Baldi Berg & Wallace, Ltd**                                                                  2/02/2013

Sandoval, Veronica - Trustee Matters                                                     Page    2

| Date | TK | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 1/20/2013 | RKP | Review case file and documents re: 2012 tax return obligation; memo to L. West re: same | 0.10<br>$195.00/ hr | $19.50 |
| 1/23/2013 | JAB | Review status of case, memo to RKP re case closing. | 0.30<br>$450.00/ hr | $135.00 |
| 1/31/2013 | RKP | Review case file for information needed to prepare TFR (.4); update system information with data, as needed, for preparation of TFR and related documents (.4). | 0.80<br>$195.00/ hr | $156.00 |
| 2/03/2013 | RKP | Draft Trustee Fee Application (1.5); prepare coversheet, proposed order and affidavit (.3); review and edit same (.3); update system with final admin claims (.1); prepare TFR (1.0); and NFR (.5); review and edit same (.3). | 3.80<br>$195.00/ hr | $741.00 |
| 2/04/2013 | JAB | Review, edit and execute final report package. | 0.80<br>$450.00/ hr | $360.00 |

|  |  |
|---|---|
| Total Fees | $1,786.50 |
| Total New Charges | $1,786.50 |
| Previous Balance | $0.00 |
| Balance Due | $1,786.50 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 1.60 | $450.00 |
| Jason M Manola | 1.20 | $125.00 |
| Ricki K Podorovsky | 4.70 | $195.00 |

**Trustee's Final Fee Application**     **Veronica Sandoval, Debtor**
                                         **Case No. 12-25959**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Veronica Sandoval, | ) | Case No. 12-25959 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois   )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi, Berg & Wallace, Ltd., a law firm at which I was employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on February 7, 2013

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**